**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 18-21503 (JJT) |
| | ) | | |
| DEBRA A. DUSZYK, | ) | CHAPTER | 13 |
| DEBTOR. | ) | | |
| | ) | RE: ECF NOS. | 16, 17, 52 |

**BENCH RULING ON MOTION TO DETERMINE**
**SECURED CLAIM STATUS PURSUANT TO 11 U.S.C. § 506(a)**

After the evidentiary hearing held on March 13, 2019 on the Debtor's Motion to Determine Claim Status ("Motion," ECF No. 16) and the Objection thereto (ECF No. 17) filed by Trinity Financial Services ("Trinity") and based on all of the evidence submitted by the parties and review of this Court's docket[1], this Court finds that the claim at issue, namely Trinity's entire mortgage, is an unsecured claim.[2][3] As explained below, this determination is based upon the testimony of the Debtor's expert, Robert Stewart, and the adjusted opinion of Trinity's expert, John Shanley.[4]

Mr. Stewart inspected the Property, including the 72-year-old home's exterior and interior, on January 31, 2019 and used three similar sales to compare to the Property. He appraised the Property at $111,000.00 as of January 31, 2019 due to the need for renovations and various repairs, including a new grinder pump.

---

[1] The Court gave both parties the opportunity to be heard and object to the Court taking judicial notice of the docket (ECF No. 45). Neither party having objected, the Court has taken judicial notice of the Debtor's Chapter 13 bankruptcy case docket.

[2] The Motion initially requested that the Court determine a portion of the first mortgage held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust ("U.S. Bank") be declared unsecured based on the Court's Property valuation. However, pursuant to the Debtor's Statement of Valuation of Property (ECF No. 52), she no longer requests this relief, and so the Court values the Property only as it pertains to Trinity.

[3] The parties each acknowledged that in connection with the entry of the foreclosure judgment, the Superior Court found the fair market value of the Property to be $150,000.00. The Town of Manchester has valued the Property at $138,300.00 for tax purposes.

[4] Notwithstanding the dates of the respective expert reports, the parties have agreed that the Court may treat those opinions as valuations as of September 13, 2018 ("Petition Date").

Mr. Shanley inspected the subject Property on December 13, 2018 and conducted a walk-through inspection of the house. When valuing the Property, Mr. Shanley failed to adjust for the non-functioning basement bathroom in his calculations. He picked different comparable properties and concluded that the Property was in reasonable condition and initially valued it at a much higher figure of $163,000.00 in his appraisal. During his cross examination, however, he said that due to the need for cosmetic work and redoing of the dilapidated floors, he would lower his opinion on value by $10,000.00 to $153,000.00. He also admitted that he had not considered the cost to repair the non-working bathroom to functionality in his appraisal and acknowledged that the broken grinder pump would be costly to fix.

Based upon the record of this hearing and the docket, the Court **FINDS** the value of the Property to be $145,000.00 as of the date of the filing of the Chapter 13 voluntary petition (ECF No. 1), as is the value acknowledged in the Debtor's Schedule A/B (ECF No. 8). Accordingly, as the first lien mortgage in favor of U.S. Bank had an outstanding balance of $149,651.00 on the Petition Date, the Trinity mortgage, with its outstanding balance of $71,488.44 at Petition Date, is fully unsecured.[5] The Court **OVERRULES** the Objection and **GRANTS** the Motion as stated herein.

**IT IS SO ORDERED** at Hartford, Connecticut on this 10th day of April 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[5] It is important to note that assuming *arguendo* that the Court valued the Property at Trinity's revised valuation of $153,000.00, Trinity would still be fully unsecured based on the balance of the senior-priority U.S. Bank mortgage.